IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:11cv39

| | |
|---|---|
| JASON B. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 [Doc. 16]. The Defendant has filed Response to Plaintiff's Motion for Attorney Fees [Doc. 17].

In the Response, it is disclosed that the parties have agreed on a final amount of attorney's fees. The Court has also been advised by Plaintiff's counsel that the parties have so agreed. The parties therefore agree that the appropriate award of attorney's fees is the amount of Seven Thousand Two Hundred Dollars and No Cents ($7,200.00) in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act

(EAJA), 28 U.S.C. §2412(d).  The Plaintiff has filed an assignment of fees in which he assigns any such award directly to counsel.[1] [Doc. 16-2].  The Court finds that the Commissioner should accept the assignment of the awarded fees by the Plaintiff to his attorney and shall pay that award of fees directly to Plaintiff's counsel; provided however, it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset.  Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).  In the event that the Plaintiff does, in fact, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to his attorney.

In addition, should counsel receive an attorney's fee award pursuant to the Social Security Act, he shall refund to the Plaintiff the smaller award.  42 U.S.C. §206(b)(2).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 [Doc. 16] is hereby **GRANTED** and the Plaintiff is hereby awarded attorney's fees in the

---

[1]The assignment contains the name of a former partner of Howard Olinsky who represents the Plaintiff.  Mr. Olinsky has advised the Court that upon the dissolution of the partnership, this case remained with him. [Doc. 18].

amount of Seven Thousand Two Hundred Dollars and No Cents ($7,200.00) which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. §2412(d) and subject to the limitations set forth herein.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later that thirty (30) days from entry of this Order. Provided that the Plaintiff does not owe any debt to the United States Government which is subject to offset, the Commissioner shall honor the Assignment of fees. In the event that the Plaintiff does, however, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to his attorney.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. §2412(d) may be filed.

Signed: June 1, 2012

Martin Reidinger
United States District Judge